Present:

A full Court.

Whitney *verf.* Whitney.

ASSUMPSIT on a Note. Note offered in Evidence to the Jury.

*Mr. Adams* (*objected.*) The Word *Order* is omitted; we take it to be an effential Variance. There is not a greater Difference between a Bond and

---

1765.
CHARGE
TO THE
GRAND JURY.

WHITNEY
*v.*
WHITNEY.

Rec. 1765.
Fol. 136.

In a Declaration on a Note by the Payee, the Omiffion of " Order " is an immaterial Variance. *Aliter*, in a Declaration by an Indorfee.

1765.

WHITNEY
v.
WHITNEY.

and a Note, than between a Note negotiable, and not. Such kind of Variances are fatal. Vid. Fitzgib. 131, *Baynham's Cafe*; Law of Evid. 191.

*Mr. Auchmuty.* The Note is, to pay Plaintiff *Order:* The *or* is left out. Where a Note is non-fenfical we are not obliged to follow it. There can be no Doubt but whether this is Evidence to a Jury or not. In Favour of Juftice doubtlefs it is. As to the Authorities the Gentleman cites — "a Note of a different Date," is a much ftronger Cafe, for that is a totally different Note. Cites Trials per Pais. 399.

*The Court ruled*, that the Note fhould go in as Evidence, on another Point.* That, as the Note *had not been indorfed*, the Omiffion of *Order* was im-material — *otherwife* had it been indorfed. (1)

*Ch. Juft.* did not give his Opinion.

* Vid. the Cafe, *Ruffell & Oakes.* (2)

---

(1) S. P. *Fay* v. *Goulding*, 10 Pick. 122 — " *Per Curiam.* As the aſtion is brought by the payee this is not a material variance. If the plaintiff were an indorfee it would have been neceffary to allege that the note was payable to the payee or his order."

(2) *Ante*, p. 50, where it is faid by *Ruffell J.* that there is no differ-ence between notes negotiable and not, until the indorfement.